IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| USIR CUSH EL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 22-1427 (MN) |
| | ) |
| LISA DORAN, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

Usir Cush El, Howard R. Young Correctional Institution – Pro Se Plaintiff.

May 22, 2023
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

On October 28, 2022, Plaintiff Usir Cush El, an inmate at Howard R. Young Correctional Institution in Wilmington, Delaware, filed this action pursuant to 42 U.S.C. § 1983. (D.I. 2). Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 3). Plaintiff supplemented his Complaint to add more Defendants. (D.I. 4). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## I.   BACKGROUND

The following facts are taken from the Complaint and assumed to be true for screening purposes. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). While at his girlfriend's house in August 2020, Plaintiff was unlawfully searched without a warrant. (D.I. 2 at 6). Five minutes before the arrest, an unidentified grouping of Defendants that included Defendant Risio went to Plaintiff's home and were told Plaintiff was not there. (*Id.* at 7). Plaintiff has "challenged jurisdiction" since December 2021, and since that time has received multiple arrest warrants and has been misidentified as a corporate entity. (*Id.* at 6). He also alleges that his unemployment money was stolen, but he does not indicate who stole it. (*Id.* at 9). Plaintiff asserts that, as a Moor, he is not a United States citizen and therefore does not recognize some, or all, of the policies and laws of the federal government because they are not relevant to him. (*Id.* at 7, 9).

Plaintiff brings claims under the Fourth Amendment for unlawful search without a signed warrant, under the Sixth Amendment for "No Corp. Delecti," and under the "Treaty of Peace & Friendship 1787 – Moorish American National." (*Id.* at 5).

## II.   SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such

1

relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (civil actions filed by prisoners seeking redress from governmental entities or government officers and employees). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court, however, must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson*

*v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam).  A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted.  *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps:  (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016).  Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief.  *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.*

A defendant in a civil rights action "cannot be held responsible for a constitutional violation which he or she neither participated in nor approved"; personal involvement in the alleged wrong is required.  *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007); *see also Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (holding that liability in a § 1983 action must be based on personal involvement, not respondeat superior).  Such involvement may be "shown through allegations of personal direction or of actual knowledge and acquiescence."  *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005).  "Allegations of participation and acquiescence . . . must be made with appropriate particularity."  *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988); *see also Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016).

**III.   DISCUSSION**

To the extent that Plaintiff's claims are based on the August 2020 search, they appear to be time-barred.  For purposes of the statute of limitations, 42 U.S.C. § 1983 claims are characterized as personal injury actions.  *Wilson v. Garcia*, 471 U.S. 261, 275 (1985).  In Delaware, § 1983

claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). "Although the statute of limitations is an affirmative defense, *sua sponte* dismissal is appropriate when 'the defense is obvious from the face of the complaint and no further factual record is required to be developed.'" *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. 2010) (quoting *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)). Here, it appears obvious from the face of the October 2022 Complaint that Plaintiff's claims based on the August 2020 search are time-barred. Accordingly, they will be dismissed *sua sponte* under § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

Even assuming that some or all of Plaintiff's claims are timely, the Complaint lacks facts alleged with particularity to demonstrate that Plaintiff is entitled to relief. *See City of Shelby*, 574 U.S. at 12; *Iqbal*, 556 U.S. at 679. Furthermore, the Complaint contains no allegations directed at any of the Defendants except for Defendant Risio that establish the personal involvement required for a § 1983 claim. *See Baraka*, 481 F.3d at 210; *Evancho*, 423 F.3d at 353. Accordingly, to the extent that any of Plaintiff's claims are not time-barred, they will be dismissed for failure to state a claim, pursuant § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

The dismissals will be without prejudice. *See O'Dell v. United States Gov't*, 256 F. App'x 444, 445 (3d Cir. 2007) (unpublished) (leave to amend is proper where the plaintiff's claims do

not appear "patently meritless and beyond all hope of redemption"). The Court notes, however, that claims based on purported Moorish citizenship are meritless. *See El v. Cook*, C.A. No. 17-662-GMS, 2018 WL 503252, at *2 (D. Del. Jan. 22, 2018) ("[R]egardless of nationality or religion, [plaintiff] is subject to the laws of the jurisdiction in which he resides.") (second alteration in original); *El Ameen Bey v. Stumpf*, 825 F.Supp.2d 537, 539-45 (D. N.J. 2011) (providing a background of the Moorish and redemptionist movements and noting that "[a]ny claims or arguments raised by Plaintiff which are based on his membership in the Moorish American Nation are [by definition] frivolous".

### IV. CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). Plaintiff will be given leave to file an amended complaint.

An appropriate Order will be entered.